1   **Christopher J. Keane (SB# 194848)**
    Attorney for Plaintiff, Elgrie Hurd III
2   530 Jackson Street, Second Floor
    San Francisco, CA 94133
3   Telephone: (415) 398-2777
4   Fax: (415) 520-2282
    E-mail: ckeane@keanelaw.com
5
6   **Brian L. Larsen (SB #: 158252)**
    **Lauren B. Gelber (SB#: 237935)**
7   Attorneys for Plaintiff, Elgrie Hurd III
    530 Jackson Street, 2nd Floor
8   San Francisco, CA 94133
    Telephone: (415) 398-5000
9   Fax: (415) 398-5080
10  E-mail: blarsen5000@yahoo.com
             lgelber@gmail.com
11

12              UNITED STATES DISTRICT COURT

13          FOR THE NORTHERN DISTRICT OF CALIFORNIA

14                  (San Jose Division)

15

16

17  ELGRIE HURD III,

18        Plaintiff,

19  v.                        Case Number:

20                            Hon.

21  TOM COUNCIL,              **COMPLAINT FOR DAMAGES**

22                            **DEMAND FOR JURY TRIAL**

23        Defendant.

24  _____/

25

26  NOW COMES Plaintiff, ELGRIE HURD III, through his attorneys, and

27  complains against Defendant, TOM COUNCIL, as follows:

28

Complaint                         1

# COMMON ALLEGATIONS

1. On November 11, 2005, at or near DeAnza College, located at 21250 Stevens Creek Boulevard, Cupertino, California, 95014, and following a speech by former United States of America Secretary of State Colin Powell, Elgrie Hurd III had exercised rights to free speech and peaceable assembly guaranteed to him and protected by the First Amendment to the United States Constitution, and other laws, by voicing his protest to the war in Iraq and various actions of the Bush Administration in relation to the Iraq war.

2. While exiting the aforementioned location, and while standing peaceably on a sidewalk/berm/curb on the side of a road and outside the traveled portion of the road, Elgrie Hurd III was illegally and without any legal justification whatsoever searched and seized by Defendant, TOM COUNCIL.

3. Further, as there was no legal justification for the search and/or seizure of ELGRIE HURD III, upon belief, ELGRIE HURD III was profiled and targeted because of his race and/or ancestral or national origin, which is Black/African-American, and/or because of the aforementioned exercise of his right to speak freely and peaceably assemble by Defendant, TOM COUNCIL, who walked past multiple other people who

1  were likewise standing peaceably on a sidewalk/berm/curb before

2  seizing Plaintiff.

3

4  4. Defendant, TOM COUNCIL, while standing on the street, reached out

5  and grabbed Elgrie Hurd III, while Elgrie Hurd III, was standing

6

7  peaceably sidewalk/berm/curb on the side of a road as set forth

8  above, and then did the following to Elgrie Hurd III.

9

10  5. Defendant, TOM COUNCIL, seized Elgrie Hurd III.

11

12

13  6. Defendant, TOM COUNCIL, searched Elgrie Hurd III.

14

15  7. Defendant, TOM COUNCIL, arrested Elgrie Hurd III.

16

17

18  8. Defendant, TOM COUNCIL, subjected Elgrie Hurd III to excessive

19  force during the arrest, search and/or seizure.

20

21  9. The excessive force included, but may not be limited to, the

22  following committed upon Elgrie Hurd III.

23

24

25  10. Defendant, TOM COUNCIL, violently forced Elgrie Hurd III's face

26  and person onto the pavement.

27

28

Complaint                                    3

11. Defendant, TOM COUNCIL, used police instrument(s)/club(s) to batter Elgrie Hurd III.

12. Defendant, TOM COUNCIL, closed handcuffs in a manner that was excessively tight around Elgrie Hurd III's wrists.

13. Defendant, TOM COUNCIL, forced Elgrie Hurd III in a face down position into the rear seat of a Santa Clara County Office of the Sheriff vehicle.

14. The aforementioned acts committed by the Defendant, TOM COUNCIL, were illegal and violated Elgrie Hurd III's civil rights as set forth in this Complaint.

**JURISDICTION**

15. This Court has jurisdiction over these 42 U.S.C. § 1983 actions pursuant to 28 U.S.C. § 1331.

16. Defendant, TOM COUNCIL, was a California citizen at all times relevant to the claims herein.

17. Defendant, TOM COUNCIL, committed the acts and omissions complained of herein in Cupertino, Santa Clara County, State of California.

18. Defendant, TOM COUNCIL, was, at all times relevant to the claims herein, a California citizen employed as a sheriff authorized and deployed by the Santa Clara County Office of the Sheriff and/or Santa Clara County Sheriff Department to participate in the arrest, search and seizure of Elgrie Hurd III in Cupertino, California, on November 11, 2005.

19. Defendant, TOM COUNCIL, is sued only in his individual capacity.

20. Plaintiff, ELGRIE HURD III, was at all times relevant to the claims herein a California citizen who, on November 11, 2005, resided at 226 Greendale Way, Apartment 3, in San Jose, California.

**VENUE**

21. Pursuant to 28 U.S.C. § 1391(b), a civil action wherein jurisdiction is not founded solely on diversity of citizenship, may be brought in a judicial district where any defendant resides if all defendants reside in the same state.

22. This action is not founded on diversity of citizenship as all parties hereto are citizens of California.

23. Defendant, TOM COUNCIL, is and was at all times pertinent hereto a resident of a city within the jurisdiction of the Northern District of California.

24. The acts complained of in this Complaint occurred in Santa Clara County, and, therefore, venue is appropriate in the United States District Court for the Northern District of California, in the San Jose division.

**STATE ACTOR**

25. Defendant, TOM COUNCIL, acted under color of California state law, at the time of the acts complained of in this Complaint.

26. Defendant, TOM COUNCIL, deprived Elgrie Hurd III of United States Constitutional rights while acting under color of California state law. To wit, he was a Santa Clara County employee, working in the Santa Clara County Office of the Sheriff or the Santa Clara County Sheriff Department acting under State of California law when he participated in the arrest, search and seizure of Elgrie Hurd III.

**DAMAGES**

27. The Defendant's acts described in this Complaint herein directly and proximately caused Elgrie Hurd III to suffer, including but perhaps not limited to injury and the following damage(s), as set forth below.

28. The Defendant's acts described herein directly and proximately caused Elgrie Hurd III to suffer loss of the pleasures of living (hedonic damages) and loss of time while under arrest and while he suffers the effects of the illegal arrest, search and seizure.

29. The Defendant's acts described herein directly and proximately caused Elgrie Hurd III to suffer physical pain and suffering.

30. The Defendant's acts described herein directly and proximately caused Elgrie Hurd III to suffer emotional distress, mental anguish and psychological injury.

31. The Defendant's acts described herein directly and proximately caused Elgrie Hurd III to suffer past, present and future impairment of reputation.

32. The Defendant's acts described herein directly and proximately caused Elgrie Hurd III to suffer medical expenses.

33. The Defendant's acts described herein directly and proximately caused Elgrie Hurd III to suffer attorney fees, both for having to defend potential criminal charges for assault and battery of an officer and false report of a bomb, and as permitted for civil actions

34. The amount of compensatory damages caused by the Defendants to Elgrie Hurd III is in excess of the $75,000.00 (U.S.) jurisdictional minimum of this Court, exclusive of interest, costs and attorney fees.

35. The Defendant's violations of Elgrie Hurd III's United States constitutional rights were grossly negligent, reckless, malicious and involved an entire want of care.  They resulted from conscious indifference to the rights, welfare, and safety of Elgrie Hurd III.

36. Plaintiff seeks an amount of punitive damages to be awarded against the Defendant in whatever amount the jury determines to be appropriate.

37. Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, 42 U.S.C. § 1988, and F.R.C.P. 54, Plaintiff seeks reasonable and necessary attorneys' fees incurred in prosecuting its 42 U.S.C. § 1983.

## COUNT 1

### (42 U.S.C § 1983/Unreasonable Search & Seizure/4th Amendment)

38. Plaintiff incorporates and realleges all other paragraphs of this Complaint as if stated verbatim in this Count.

39. The acts and omissions of Defendant, TOM COUNCIL, was committed while purporting or pretending to act in the performance of his official duties on behalf of the aforementioned county.

40. Plaintiff had a right guaranteed by the Fourth (4th) Amendment to the United States Constitution not to be subjected to unreasonable search and/or seizure without probable cause that a crime has been committed by law enforcement officers such as Defendant, TOM COUNCIL.

41. Defendant, TOM COUNCIL, under color of the authority of the State of California and Santa Clara County, intentionally violated Plaintiff's constitutional right guaranteed by the Fourth (4th) Amendment to the United States Constitution to be free from unreasonable search and/or seizure without probable cause that a crime has been committed.

42. Defendant, TOM COUNCIL, actively participated in and
intentionally unreasonably searched and/or seized Plaintiff without
probable cause that a crime had been committed when there was no
legal justification for doing so.

43. The reason given by Defendant, TOM COUNCIL, for searching and
seizing Plaintiff was as follows in the Office of the Sheriff, Santa
Clara County, Incident Report, Case # 05-315-0441C, wherein he wrote:
"While working a crowd control detail at DeAnza Junior College, I and
several other officrs (sic) attempted to remove a group of
demonstrators from the roadway.  S-Hurd moved to the curb but refused
to (sic) orders to exit the roadway.  When I attempted to nudge him
onto the curb, S-Hurd grabbed my right arm and attempted to pull me
with him into the crowd.  With the aid of Deputy Thrall #1873, I was
able to pull S-Hurd to the ground and after a struggle was able to
handcuff him.  S-Hurd was arrested for 243(b) and 148(a)(1) PC and
booked into the Main Jail."

44. Further statement of the reason given by Defendant, TOM COUNCIL,
for searching and seizing Plaintiff was as follows in the Office of
the Sheriff, Santa Clara County, Narrative, Case # 05-315-0441C,
wherein he wrote: "On 11-11-05 while working a a (sic) crowd control
detail at DeAnza Junior College I made contact with a group of
demonstrators who were standing in the roadway and blocking vehicular

1  traffic.  I and several officers were ordered to clear the roadway.

2  The demonstrators complied with our orders and moved from the

3  roadway, into a nearby parking lot.  They then moved  through a

4  parking lot and on to another roadway and proceded (sic) to obstruct

5  traffic again.  We approached (sic) them a second time and ordered

6  them to exit the roadway and move onto the curb.  One of the

7  demonstrators, now know (sic) as Elgrie Hurd III moved to the edge of

8  the roadway but refused to step up on the curb.  I approached

9  demonstrator Hurd and nudged him with my bokan and at the same time

10  verbally ordered him to get out of the roadway.  Hurd grabbed my

11  right arm with his right hand and attempted to pull me out of the

12  roadway with him.  I broke free of Hurd's grip and grabbed him by the

13  shirt and was able to pull him away from the crowd…."

14

15  45. The Plaintiff never refused to step onto the curb.  That

16  statement by Defendant, TOM COUNCIL, is false.  To the contrary,

17  Plaintiff was already on the curb and out of the road way when

18  Defendant seized him.

19

20  46. The Plaintiff did not grab Defendant, TOM COUNCIL's, right arm.

21  That statement by Defendant, TOM COUNCIL, is false.  To the contrary,

22  Defendant grabbed and pulled Plaintiff's right arm when Plaintiff was

23  already on the curb.

47. The Plaintiff was never verbally ordered to get out of the roadway. That statement by Defendant, TOM COUNCIL, is false.

48. Defendant, TOM COUNCIL, through his acts and omissions, played a substantial part in bringing about and actually causing the injury/damages suffered by Plaintiff.

49. The injury and damages of Plaintiff was a reasonably foreseeable consequence of the acts and omissions of Defendant, TOM COUNCIL.

50. The acts and omissions of Defendant, TOM COUNCIL, constituted an unreasonable seizure of Plaintiff.

51. The acts and omissions of Defendant, TOM COUNCIL, constituted an unreasonable search of Plaintiff.

52. Defendant, TOM COUNCIL, violated the Fourth (4th) Amendment to the United States Constitution as its protection was guaranteed to Plaintiff, because the Defendant conducted an unreasonable search and/or seizure of Plaintiff without probable cause that a crime has been committed.

53. This violation of the Fourth (4th) Amendment to the United States Constitution is actionable pursuant to 42 U.S.C. 1983.

54. The acts and omissions of Defendant, TOM COUNCIL, were causes-in-fact of damage(s) suffered by Plaintiff as set forth in the Common Allegations and incorporated herein in full.

55. The acts and omissions of Defendant, TOM COUNCIL, proximately caused damage(s) suffered by Plaintiff as set forth in the Common Allegations and incorporated herein in full.

WHEREFORE, Plaintiff, ELGRIE HURD III, requests that this Honorable Court enter judgment against Defendant, TOM COUNCIL, for an amount of money in excess of the jurisdictional minimum ($75,000.00) that the jury deems the full and fair amount of Plaintiff's compensatory, exemplary and punitive damages, together with interest, costs and attorney fees as permitted by statute and other applicable law.

### COUNT 2

**(42 U.S.C § 1983/Retaliation for Exercise of Freedom of Expression and Peaceable Assembly/1st Amendment)**

56. Plaintiff incorporates and realleges all other paragraphs of this Complaint as if stated verbatim in this Count.

57. Plaintiff's speech and/or expression and/or peaceable assembly as set forth in the Common Allegations was constitutionally protected.

58. Plaintiff's speech and/or expression and/or peaceable assembly as set forth above was a substantial and/or motivating factor in Defendant's decision to seize and/or search Plaintiff.

59. The Defendant's decision to seize and/or search Plaintiff was done as retaliation for Plaintiff's speech and/or expression and/or peaceable assembly as set forth above.

60. The acts and omissions of Defendant, TOM COUNCIL, were committed while within the limits of his lawful authority, or alternatively, while purporting or pretending to act in the performance of his official duties on behalf of the aforementioned county.

61. Plaintiff had a right guaranteed by the First (1st) Amendment to the United States Constitution not to be subjected to retaliation for the exercise of his right to freedom of speech, expression and/or to peaceably assemble by law enforcement officers such as Defendant, TOM COUNCIL.

62. Defendant, TOM COUNCIL, under color of the authority of the State of California and Santa Clara County, intentionally violated Plaintiff's constitutional right guaranteed by the First (1st) Amendment to the United States Constitution to be free from retaliation for the exercise of his right to freedom of speech, expression and/or to peaceably assemble by law enforcement officers such as Defendant, TOM COUNCIL.

63. Defendant, TOM COUNCIL, actively participated in and intentionally retaliated against Plaintiff for the exercise of his right to freedom of speech, expression and/or to peaceably assemble when there was no legal justification for doing so, as set forth in the Common Allegations.

64. Defendant, TOM COUNCIL, through his acts and omissions, played a substantial part in bringing about and actually causing the injury/damages suffered by Plaintiff.

65. The injury and damages of Plaintiff was a reasonably foreseeable consequence of the acts and omissions of Defendant, TOM COUNCIL.

66. The acts and omissions of Defendant, TOM COUNCIL, constituted a retaliation for the Plaintiff's exercise of his right to freedom of speech, expression and/or to peaceably assemble.

67. Defendant, TOM COUNCIL, violated the First (1st) Amendment to the United States Constitution as its protection was guaranteed to Plaintiff, because the Defendant seized and/or searched Plaintiff as retaliation for the Plaintiff's exercise of his right to freedom of speech, expression and/or to peaceably assemble.

68. This violation of the First (1st) Amendment to the United States Constitution is actionable pursuant to 42 U.S.C. 1983.

69. The acts and omissions of Defendant, TOM COUNCIL, were causes-in-fact of damage(s) suffered by Plaintiff as set forth in the Common Allegations and incorporated herein in full.

70. The acts and omissions of Defendant, TOM COUNCIL, proximately caused damage(s) suffered by Plaintiff as set forth in the Common Allegations and incorporated herein in full.

WHEREFORE, Plaintiff, ELGRIE HURD III, requests that this Honorable Court enter judgment against Defendant, TOM COUNCIL, for an amount of money in excess of the jurisdictional minimum ($75,000.00) that the jury deems the full and fair amount of Plaintiff's compensatory, exemplary and punitive damages, together with interest,

costs and attorney fees as permitted by statute and other applicable law.

**COUNT 3**

**(42 U.S.C § 1983/Equal Protection Claim/14th Amendment)**

71. Plaintiff incorporates and realleges all other paragraphs of this Complaint as if stated verbatim in this Count.

72. Plaintiff was entitled to equal protection of the law under the Fourteenth (14th) Amendment to the United States Constitution.

73. Defendant, TOM COUNCIL, used selective enforcement of the law and/or conducted a racially-motivated arrest of Plaintiff.

74. Individuals who were similarly situated to Plaintiff were not stopped, searched, seized or arrested by Defendant, TOM COUNCIL, and this demonstrates the requisite discriminatory effect and purpose of Defendant.

75. The Defendant's decision to stop, seize and/or search Plaintiff was done as a result of Plaintiff's race (black) and ethnicity (African-American) as set forth above.

76. The acts and omissions of Defendant, TOM COUNCIL, were committed while purporting or pretending to act in the performance of his official duties on behalf of the aforementioned county.

77. Plaintiff had a right guaranteed by the Fourteenth (14th) Amendment to the United States Constitution not to be subjected to unequal protection of the law by law enforcement officers such as Defendant, TOM COUNCIL.

78. Defendant, TOM COUNCIL, under color of the authority of the State of California and Santa Clara County, intentionally violated Plaintiff's constitutional right guaranteed by the Fourteenth (14th) Amendment to the United States Constitution to receive equal protection of the law by law enforcement officers such as Defendant, TOM COUNCIL.

79. Defendant, TOM COUNCIL, actively participated in and intentionally stopped, searched and seized Plaintiff as a result of his race and ethnicity when there was no legal justification for doing so, as set forth in the Common Allegations.

Complaint                                    18

80. Defendant, TOM COUNCIL, through his acts and omissions, played a substantial part in bringing about and actually causing the injury/damages suffered by Plaintiff.

81. The injury and damages of Plaintiff was a reasonably foreseeable consequence of the acts and omissions of Defendant, TOM COUNCIL.

82. Defendant, TOM COUNCIL, violated the Fourteenth (14th) Amendment to the United States Constitution as its protection was guaranteed to Plaintiff, because the Defendant used selective enforcement of the law and/or conducted a racially-motivated arrest of Plaintiff.

83. This violation of the Fourteenth (14th) Amendment to the United States Constitution is actionable pursuant to 42 U.S.C. 1983.

84. The acts and omissions of Defendant, TOM COUNCIL, were causes-in-fact of damage(s) suffered by Plaintiff as set forth in the Common Allegations and incorporated herein in full.

85. The acts and omissions of Defendant, TOM COUNCIL, proximately caused damage(s) suffered by Plaintiff as set forth in the Common Allegations and incorporated herein in full.

1   WHEREFORE, Plaintiff, ELGRIE HURD III, requests that this

2   Honorable Court enter judgment against Defendant, TOM COUNCIL, for an

3   amount of money in excess of the jurisdictional minimum ($75,000.00)

4

5   that the jury deems the full and fair amount of Plaintiff's

6   compensatory, exemplary and punitive damages, together with interest,

7   costs and attorney fees as permitted by statute and other applicable

8   law.

9

10

11                         **PRAYER FOR RELIEF**

12

13      As set forth in this Complaint, and for the reasons set forth

14   therein, Plaintiff seeks the following relief:

15

16      a) Compensatory damages in an amount in excess of the

17          jurisdictional minimum of this Court, as set forth in the

18          common allegations, to be determined by the jury;

19

20

21      b) Exemplary damages in an amount to be determined by the

22          jury;

23

24      c) Punitive damages in an amount to be determined by the jury;

25

26

27      d) Reasonable and necessary attorneys' fees as alleged herein;

28

Complaint                              20

1    e) Interest on all damages as allowed under federal law;

2

3    f) Court costs and costs permitted by statute;

4

5

6    **PLAINTIFF HEREBY MAKES A DEMAND FOR JURY TRIAL.**

7

8

9    By: _____

10   Attorney for Plaintiff

11

12   By: _____

13

14   Attorneys for Plaintiff

15   Dated: _5/30/07_____

16

17

18

19

20

21

22

23

24

25

26

27

28