ANN MILLER RAVEL, County Counsel (S.B. #62139)
MELISSA R. KINIYALOCTS, Deputy County Counsel (S.B. #215814)
OFFICE OF THE COUNTY COUNSEL
70 West Hedding, East Wing, 9th Floor
San Jose, California 95110-1770
Telephone: (408) 299-5900
Facsimile: (408) 292-7240

Attorneys for Defendant
TOM COUNCIL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(San Jose)

| | |
|---|---|
| ELGRIE HURD, III, | No.  C 07-3852 RS |
| Plaintiff, | **DEFENDANT TOM COUNCIL'S ANSWER TO PLAINTIFF ELGRIE HURD'S COMPLAINT FOR DAMAGES** |
| v. | **[DEMAND FOR JURY TRIAL]** |
| TOM COUNCIL, | |
| Defendant. | |

Defendant Tom Council answers Plaintiff Elgrie Hurd's Complaint for Damages ("Complaint") on file herein and admits, denies, and alleges as follows:

**COMMON ALLEGATIONS**

1. Answering the allegations of Paragraph 1 of the Complaint, Defendant admits that on November 11, 2005, former United States of America Secretary of State Colin Powell spoke at DeAnza College, which is located at 21250 Stevens Creek Boulevard, Cupertino, California 95014. Except as so admitted, Defendant is without sufficient information to form a belief as to the truth of the remaining allegations contained in that paragraph, and on that basis denies each and every allegation contained therein.

2-4. Answering the allegations of Paragraphs 2 through 4 of the Complaint, Defendant denies all allegations contained therein.

5-7. Answering the allegations of Paragraphs 5 through 7 of the Complaint,

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Defendant's Answer to Plaintiff's
Complaint [Demand for Jury Trial]    1    C 07-3852 RS

Defendant is without sufficient information to form a belief as to the truth of the allegations contained in those paragraphs, and on that basis denies each and every allegation contained therein.

8 - 14.   Answering the allegations of Paragraphs 8 through 14 of the Complaint, Defendant denies all allegations contained therein.

## JURISDICTION

15.   Answering the allegations of Paragraph 15 of the Complaint, Defendant admits that jurisdiction in this Court is proper.

16.   Answering the allegations of Paragraph 16 of the Complaint, Defendant admits that he was a California resident at the time of Plaintiff's arrest.

17.   Answering the allegations of Paragraph 17 of the Complaint, Defendant denies each and every allegations contained therein.

18.   Answering the allegations of Paragraph 18 of the Complaint, Defendant admits that at the time of Plaintiff's arrest on November 11, 2005, Defendant was employed by the County of Santa Clara Office of the Sheriff.  Except as so admitted, Defendant is without sufficient information to form a belief as to the truth of the remaining allegations contained in that paragraph, and on that basis denies each and every allegation contained therein.

19 and 20.   Answering the allegations of Paragraphs 19 and 20 of the Complaint, Defendant is without sufficient information to form a belief as to the truth of the allegations contained in those paragraphs, and on that basis denies each and every allegation contained therein.

## VENUE

21.   Answering the allegations of Paragraph 21 of the Complaint, Defendant admits that 28 U.S.C. § 1391(b) provides in part that "a civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State."

22.   Answering the allegations of Paragraph 22 of the Complaint, Defendant admits that he is a resident of California.  Except as so admitted, Defendant is without sufficient

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Defendant's Answer to Plaintiff's
Complaint [Demand for Jury Trial]     2     C 07-3852 RS

1  information to form a belief as to the truth of the allegations contained in that paragraph, and on
2  that basis denies each and every remaining allegation contained therein.
3    23.  Answering the allegations of Paragraph 23 of the Complaint, Defendant admits
4  that he is and was at the time of Plaintiff's arrest on November 11, 2005, a resident of a city
5  within the jurisdiction of the Northern District of California.
6    24.  Answering the allegations of Paragraph 24 of the Complaint, Defendant admits
7  that venue is appropriate in the United States District Court for the Northern District of
8  California, in the San Jose Division. Except as so admitted, Defendant denies each and every
9  remaining allegation contained therein.

## STATE ACTOR

11    25.  Answering the allegations of Paragraph 25 of the Complaint, Defendant is without
12  sufficient information to form a belief as to the truth of the allegations contained in that
13  paragraph, and on that basis denies each and every allegation contained therein.
14    26.  Answering the allegations of Paragraph 26 of the Complaint, Defendant admits
15  that he was working as an employee of the County of Santa Clara Office of the Sheriff at the
16  time of Plaintiff's arrest on November 11, 2005. Except as so admitted, Defendant denies each
17  and every remaining allegation contained therein.

## DAMAGES

19    27-37.  Answering the allegations of Paragraphs 27 through 37, Defendant denies each and
20  every allegation contained therein and denies that Plaintiff is entitled to damages.

## COUNT ONE

**(42 U.S.C. § 1983/Unreasonable Search & Seizure/4th Amendment)**

23    38.  Answering the allegations of Paragraph 38 of the Complaint, Defendant admits
24  that Plaintiff incorporates and realleges all other paragraphs of the Complaint as if stated
25  verbatim in this Count.
26    39.  Answering the allegations of Paragraph 39 of the Complaint, Defendant denies
27  each and every allegation contained therein.
28  / /

40.　Answering the allegations of Paragraph 40 of the Complaint, Defendant admits that Plaintiff had a right guaranteed by the Fourth Amendment to the United States Constitution not to be subjected to unreasonable search and/or seizure without probable cause. Except as so admitted, Defendant denies each and every remaining allegation contained therein.

40-42.　Answering the allegations of Paragraphs 41 through 42 of the Complaint, Defendant denies each and every allegation contained therein.

43 and 44.　Answering the allegations of Paragraphs 43 and 44 of the Complaint, Defendant admits that the allegations reflect excerpts of Incident Report #05-315-0441C. Except as so admitted, Defendant denies each and every remaining allegation contained therein.

45-55.　Answering the allegations of Paragraphs 45 through 55 of the Complaint, Defendant denies each and every allegation contained therein.

## COUNT TWO

### (42 U.S.C. § 1983/Retaliation for Exercise of Freedom of Expression and Peaceable Assembly/1st Amendment

56.　Answering the allegations of Paragraph 56 of the Complaint, Defendant admits that Plaintiff incorporates and realleges all other paragraphs of the Complaint as if stated verbatim in this Count.

57.　Answering the allegations of Paragraph 57 of the Complaint, Defendant admits that Plaintiff had a constitutionally protected right to free speech and/or expression and/or peaceable assembly. Excepted as so admitted, Defendant denies each and every remaining allegation contained therein.

58-60.　Answering the allegations of Paragraphs 58 through 60 of the Complaint, Defendant denies each and every allegation contained therein.

61.　Answering the allegations of Paragraph 61 of the Complaint, Defendant is without sufficient information to form a belief as to the truth of the allegations contained in that paragraph, and on that basis denies each and every allegation contained therein.

62-70.　Answering the allegations of Paragraphs 62 through 70 of the Complaint, Defendant denies each and every allegation contained therein.

## COUNT THREE

## 42 U.S.C. § 1983/Equal Protection Claim/14th Amendment

71. Answering the allegations of Paragraph 71 of the Complaint, Defendant admits that Plaintiff incorporates and realleges all other paragraphs of the Complaint as if stated verbatim in this Count.

72. Answering the allegations of Paragraph 72 of the Complaint, Defendant admits that Plaintiff was entitled to equal protection of the law under the Fourteenth Amendment to the United States Constitution.

73-76. Answering the allegations of Paragraphs 73 through 76 of the Complaint, Defendant denies each and every allegation contained therein.

77. Answering the allegations of Paragraph 77 of the Complaint, Defendant is without sufficient information to form a belief as to the truth of the allegations contained in that paragraph, and on that basis denies each and every allegation contained therein.

78-85. Answering the allegations of Paragraphs 78 through 85 of the Complaint, Defendant denies each and every allegation contained therein.

WHEREFORE, Defendant prays for judgment in his favor as hereinafter set forth.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Failure To State A Claim)

As a separate, distinct, and affirmative defense to the Complaint, and to each and every claim for relief contained therein, this answering Defendant alleges that neither the Complaint nor any of its purported claims for relief state facts sufficient to constitute a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

(No Violation Of Rights)

As a separate, distinct, and affirmative defense to the Complaint, and to each and every claim for relief contained therein, this answering Defendant denies that he has deprived Plaintiff of any rights, privileges, or immunities guaranteed by the laws or Constitution of the United

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Defendant's Answer to Plaintiff's
Complaint [Demand for Jury Trial]      5                                   C 07-3852 RS

1  States or by the laws or Constitution of the State of California.

## THIRD AFFIRMATIVE DEFENSE

(Authorized/Justified Use of Force)

As a separate, distinct, and affirmative defense to the Complaint, and to each and every claim for relief contained therein, this answering Defendant alleges that if, in fact, any force was used to detain Plaintiff, such force was authorized and privileged pursuant to the California Penal Code and the United States Constitution, and as a proximate result thereof, Plaintiff is barred from any recovery herein for any alleged injury or damage, if any there were.

## FOURTH AFFIRMATIVE DEFENSE

(Probable Cause to Detain/Restrain)

As a separate, distinct, and affirmative defense to the Complaint, and to each and every claim for relief contained therein, this answering Defendant alleges that at all times mentioned in the Complaint, Defendant had reasonable and probable cause to detain and restrain Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

(Privileged/Justified Conduct)

As a separate, distinct, and affirmative defense to the Complaint, and to each and every claim for relief contained therein, this answering Defendant alleges that his conduct at all times material herein was privileged and/or justified under applicable law.

## SIXTH AFFIRMATIVE DEFENSE

(Police Immunity: Common Law)

As a separate, distinct, and affirmative defense to the Complaint, and to each and every claim for relief contained therein, this answering Defendant alleges that he is an employee of the County of Santa Clara Office of the Sheriff and is immune from liability herein under the common law doctrine of immunity of peace officers executing statutes in good faith, which statutes are presumed valid at the time of such execution.

//
//
//

**SEVENTH AFFIRMATIVE DEFENSE**

(Absolute or Qualified Immunity)

As a separate, distinct, and affirmative defense to the Complaint, and to each and every claim for relief contained therein, this answering Defendant alleges that any acts and/or omissions on his part or his agents and/or employees were subjectively and/or objectively reasonable so as to entitle Defendant to absolute or qualified immunity based upon applicable Federal and State law for any acts and/or omissions within the course and scope of employment.

**EIGHTH AFFIRMATIVE DEFENSE**

(No Established Constitutional Rights)

As and for a separate, distinct, and affirmative defense to the Complaint, and to each and every claim for relief contained therein, this answering Defendant alleges that at the time of the events alleged by Plaintiff there were no clearly established constitutional rights of which this answering Defendant knew, or should have known, which required him to act differently. This answering Defendant accordingly alleges that he is immune from liability.

**NINTH AFFIRMATIVE DEFENSE**

(Neglect and Fault)

As a separate, distinct, and affirmative defense to the Complaint, and to each and every claim for relief contained therein, this answering Defendant alleges that the Complaint and each purported claim for relief is barred, or any recovery should be reduced, because of Plaintiff's own neglect and fault in connection with the matters alleged.

**TENTH AFFIRMATIVE DEFENSE**

(Failure To Mitigate)

As a separate, distinct, and affirmative defense to the Complaint, and to each and every claim for relief contained therein, this answering Defendant alleges that Plaintiff has failed to mitigate any or all of the damages alleged in the Complaint, and is thereby precluded from recovering those damages which could have reasonably been avoided by the exercise of due care on Plaintiff's part.

//

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Defendant's Answer to Plaintiff's
Complaint [Demand for Jury Trial]    7    C 07-3852 RS

### ELEVENTH AFFIRMATIVE DEFENSE

(Waiver)

As a separate, distinct, and affirmative defense to the Complaint, and to each and every claim for relief contained therein, this answering Defendant alleges that each and every cause of action in the Complaint is barred in that Plaintiff has waived any rights he may have had to the amounts claimed, or any amount at all.

### TWELFTH AFFIRMATIVE DEFENSE

(Unclean Hands)

As a separate, distinct, and affirmative defense to the Complaint, and to each and every claim for relief contained therein, this answering Defendant alleges that Plaintiff is barred from obtaining injunctive relief or other equitable relief by reason of the doctrine of unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Attorney's Fees)

As a separate, distinct, and affirmative defense to the Complaint, and to each and every claim for relief contained therein, this answering Defendant alleges that no basis exists upon which Plaintiff may be entitled to an award of attorney's fees.

WHEREFORE, Defendant prays as follows:

1. That Plaintiff take nothing by way of his complaint;
2. That Plaintiff's complaint be dismissed with prejudice;
3. That Defendant be awarded his costs of suit incurred herein and attorney's fees; and
4. For such other and further relief as the Court may deem proper.

//
//
//
//
//
//
//

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a trial by jury in this matter.

Dated: August 16, 2007

Respectfully submitted,

ANN MILLER RAVEL
County Counsel

By: _____/S/_____
MELISSA R. KINIYALOCTS
Deputy County Counsel

Attorneys for Defendant
TOM COUNCIL

91540.wpd

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Defendant's Answer to Plaintiff's
Complaint [Demand for Jury Trial]            9                              C 07-3852 RS